**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucy Garcia, ) | No. CV-08-8113-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ReconTrust Company; Mortgage Electronic Registration Company, ) | |
| Defendants. ) | |

Currently pending before the Court are Plaintiff Lucy Garcia's Motion for Summary Judgment or in the alternative, Motion for Remand, (Dkt.#26), and Defendant ReconTrust Company ("ReconTrust") and Mortgage Electronic Registration Company ("MERS") Motion for Judgment on the Pleadings, (Dkt.#21). After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

Given the complete absence of a relevant factual predicate to any of Plaintiff's claims, the record before the Court is somewhat muddled. Nevertheless, Plaintiff, Lucy Garcia, is a California citizen who owns a piece of real property in Lake Havasu, Arizona. That property is apparently secured by a deed of trust which is in default. Defendants, ReconTrust,

a Texas citizen, and MERS, a citizen of the State of Delaware, have initiated in the past or plan to initiate in the future non-judicial foreclosure proceedings on the property.

On July 16, 2008, Plaintiff Garcia file suit against Defendants ReconTrust and MERS in Maricopa County Superior Court. On September 22, 2008, Defendants removed the case to federal court. On January 7, 2009, Garcia filed an Amended Complaint against Defendants ReconTrust and MERS alleging a claim for a declaratory judgment that Defendants are not entitled to enforce the underlying promissory note (Count I), a claim for injunctive relief to prevent the trustee's sale (Count II), a claim under the Uniform Commercial Code ("U.C.C.") as adopted by the State of Arizona in A.R.S. § 47-3101 (Count III), claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (Count IV), and claims under the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, 12 C.F.R. 226, the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41 et seq. (Count V).

On July 28, 2009, Defendants moved for Judgment on the Pleadings, arguing that Garcia's contention that Defendants cannot initiate non-judicial foreclosure proceeding until they first present the original note is legally incorrect and that Garcia's remaining federal claims are without merit. On August 8, 2009, Garcia filed a Motion for Summary Judgment, or in the alternative, a Motion to Remand. In her Motion, Garcia argues that a decision on her original note theory is not ripe for review, and that in the alternative, the Court should dismiss her federal claims and remand the case in its entirety back to state court.

 In the response to Defendants' Motion for Judgment on the Pleadings, Plaintiff's counsel states that after "[p]erforming a diligent Rule 11 inquiry and doing an ongoing analysis of these two claims, undersigned reasonably believes that these claims can be voluntarily dismissed at this time." (See Dkt.#25, p. 11.) Defendants do not contest the dismissal of Plaintiff's federal claims. As a preliminary matter, the Court notes that seeking a voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure may not be granted "when a plaintiff seeks to dismiss some, but not all, of his or her claims." Paglin v.

Saztec Int'l, Inc., 834 F. Supp. 1184, 1189 (W.D. Mo. 1993). As such, a voluntary dismissal of Plaintiff's federal claims pursuant to RESPA, FDCPA, TILA and FTCA (Counts IV and V) is not appropriate, as Plaintiff intends to dismiss a portion of her Amend Complaint while proceeding forward on her remaining Arizona U.C.C. claims. Although a voluntary dismissal under Rule 41(a) cannot be properly granted in this case, the Court must note that it has reviewed the federal claims alleged in Plaintiff's Amended Complaint to determine whether the Amended Complaint on its face "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).). After conducting a careful review of Plaintiff's pleading, it is clear that her Amended Complaint fails to allege any facts that tend to support a finding of liability under either RESPA, FDCPA, TILA or FTCA. As such, an involuntary dismissal without prejudice is appropriate as to Plaintiff's federal claims (Counts IV and V), because her Amended Complaint fails to plead sufficient facts to state a claim upon which relief can be granted. See Albade v. Albade, 616 F.2d 1089, 1093 (9th Cir. 1980) (noting that Rule 12(h)(2) [of the Federal Rules of Civil Procedure] authorizes use of a motion [for judgment on the pleadings] to raise the defense of failure to state a claim."). It bears mentioning that Rule 41(b), which authorizes an involuntary dismissal, is framed more broadly than Rule 41(a). While Rule 41(a) only permits dismissal of an entire "action," rather than one or several individual claims, Rule 41(b) allows a court to involuntarily dismiss "an action or any claim." Accordingly, dismissal without prejudice of Garcia's federal claims is proper for failing to meet the pleading requirements of Iqbal and Twombly.[1]

---

[1] In addition, the Court sees no reason why remanding the remaining state law issues would be appropriate in this case. In her Motion for Summary Judgment, or in the alternative, Motion for Remand, Plaintiff did not present a compelling argument that federal jurisdiction would be lacking if the Court were to dismiss her federal claims. A cursory review of the Amended Complaint reveals that Plaintiff is a citizen of California and Defendants are citizens of Texas and of Delaware. As such, there is complete diversity between the Parties. While there is no information to indicate the value of the relevant piece of real property and whether the amount in controversy is over $75,000, the Court notes that Plaintiff did not so

As to Garcia's remaining state law claims concerning whether the physical production of the original promissary note is required before initiating a non-judicial foreclosure under Arizona state law, the Court notes that her position with respect to original promissary note lacks legal merit and must be dismissed.

Under Arizona law, "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." In re Krohn, 52 P.3d 774, 777 (Ariz. 2002). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security . . . ." A.R.S. § 33-807(A). The Arizona statutes governing the sale of foreclosed property through a trustee's sale do not specifically require that the foreclosing party produce a physical copy of the original promissary note.

Like most states, Arizona has adopted the U.C.C.. The U.C.C., among other things, governs the enforcement of negotiable instruments, providing that "'[p]erson[s] entitled to enforce' an instrument include the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309 [because the note is lost or destroyed]." A.R.S. § 47-3301. There is very little case law on the issue of whether the U.C.C. has any applicability in the context of non-judicial trustee sales or foreclosures in Arizona. The only courts that have addressed this issue are federal courts within the District of Arizona; neither the Arizona Court of Appeals, nor the Arizona Supreme Court have weighed in on the issue. When addressing the applicability of the UCC to foreclosure sales, courts within the District of Arizona "have routinely held that [a plaintiff's] 'show me the note' argument lacks merit." Diessner v. Mortgage Elec. Registration Sys., 618 F. Supp. 2d

---

much as attempt to argue that the case failed to meet the requirements of diversity jurisdiction under 28 U.S.C. § 1332.

- 4 -

1184, 1187-88 (D. Ariz. 2009) (quoting <u>Mansour v. Cal-Western Reconveyance Corp.</u>, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)).

Given the absence of instruction from the Arizona Supreme Court or Court of Appeals, the most reasonable course of action is for this Court to follow the rulings of its sister courts within the District of Arizona and hold that production of the original promissary note is not required before commencing a foreclosure/trustee's sale. To the extent Garcia intends to argue that these non-judicial proceedings are indeed contemplated by the U.C.C., that argument would be better suited for the Arizona Supreme Court, which is the body that is charged with interpreting the laws of the State of Arizona. Absent specific and compelling Arizona case law, this Court will not presume that the U.C.C. has any applicability to the initiation of non-judicial foreclosure proceedings. As such, the Counts relating to the production of the original note, (Counts I, II and III) are hereby dismissed with prejudice. "Dismissal is appropriate where the complaint lacks . . . a cognizable legal theory . . .." <u>Mansour v. Cal-Western Reconveyance Corp.</u>, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) (citing <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988)).

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendant ReconTrust and MERS Motion for Judgment on the Pleadings, (Dkt.#21).

**IT IS FURTHER ORDERED** denying as moot Plaintiff Lucy Garcia's Motion for Summary Judgment or in the alternative, Motion for Remand, (Dkt.#26).

**IT IS FURTHER ORDERED** dismissing as moot Defendant ReconTrust and MERS' Counterclaim against Plaintiff Lucy Garcia.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

DATED this 26th day of March, 2010.

_____
Mary H. Murguia
United States District Judge